UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JOSE GALLEGO, JR. *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HECTOR MANUEL GALLEGO ) <br> GARCIA, ) <br> ) <br> Defendant. ) <br> ) | Civil No. 07cv1185-L(LSP) <br><br> **ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS** |

Plaintiffs Francisco Jose Gallego, Jr., Rosa Eugenia Gallego and the estate of Francisco Jose Gallego Garcia, Sr. filed a complaint for fraud and other state law torts based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).[1] Defendant Hector Manuel Gallego Garcia[2] filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), (3) and (5) for lack of personal jurisdiction, improper venue and insufficient service, as well as *forum non conveniens*. Because Plaintiffs fail to allege, and the record does not reflect, the facts necessary to determine whether the parties are diverse, the complaint is dismissed for lack of subject matter jurisdiction. Defendant's motion is denied as moot.

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*,

---

[1] Erroneously stated in the Complaint as 28 U.S.C. § 1337(a)(2). (Compl. ¶ 7.)

[2] For clarity the court will refer to Francisco Jose Gallego, Jr. as Francisco Jose, Jr., to Rosa Eugenia Gallego as Rosa Eugenia, and to Hector Manuel Gallego Garcia as Hector Manuel. No disrespect is intended.

790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999). The plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Diversity jurisdiction may be based on citizenship as well as alienage. *See* 28 U.S.C. § 1332(a)(2)-(4). This case involves United States citizens and Mexican citizens. The complete diversity rule applies in alienage cases. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). This meas that all plaintiffs must be of different citizenship than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

Plaintiffs allege that Rosa Eugenia "is a Mexican citizen with permanent resident status in the United States and resides in San Diego, California." (Compl. ¶ 3.) For purposes of section 1332, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. § 1332(a). However, Plaintiffs do not allege where Rosa Eugenia is domiciled. This alone is a defect in their pleading of federal jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001).

Plaintiffs allege that Francisco Jose, Jr. "is a United States Citizen and lives in San Diego, California." (Compl. ¶ 2.) They do not disclose anywhere in the record the state of his domicile. *See Kanter*, 265 F.3d at 857. Again, this alone is a defect in their pleading of federal jurisdiction. *Id.* at 858.

Furthermore, Francisco Jose Jr.'s declaration contradicts the allegations in the complaint. He states he is a United States citizen who currently resides and has resided in Tijuana, Mexico since 1998. (Francisco Jose, Jr. Decl. ¶ 1.) "[T]o be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be

1  domiciled within the State." *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995), citing
2  *Newman-Green*, 490 U.S. at 828.  If Francisco Jose, Jr. is not domiciled in any State in the
3  United States, he is neither a citizen of a State nor an alien for purposes of section 1332.  *Brady*,
4  51 F.3d at 815; *see also Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2nd Cir. 1990).
5  Section 1332(a) does not provide that the courts have jurisdiction over a suit to which such
6  persons are parties.  *Cresswell*, 922 F.2d at 68.

7  　　　Plaintiffs allege that Hector Manuel is a citizen of Mexico.  (Compl. ¶ 6.)  His residency
8  is unclear.  Although Hector Manuel strenuously disputes it (*see* Hector Manuel Decl. ¶¶ 2-6),
9  Plaintiffs presented evidence that he resides in San Diego, California.  (Rosa Eugenia Decl. ¶ 15;
10 Zeldes Decl. Ex. A & E.)  Plaintiffs do not indicate whether Hector Manuel is admitted to the
11 United States for permanent residence or whether he is domiciled in California.  If he is admitted
12 for permanent residence and is domiciled in California, he is deemed a citizen of California.  *See*
13 28 U.S.C. § 1332(a).  As a California citizen, he would most likely not be diverse from Rosa
14 Eugenia.

15 　　　Because Plaintiffs do not allege, and the record does not reflect, the facts necessary to
16 establish diversity as required by 28 U.S.C. § 1332, the complaint is **DISMISSED** for lack of
17 subject matter jurisdiction.  Plaintiffs may amend the complaint.  *See* 28 U.S.C. § 1653.  Any
18 such amended complaint shall be filed no later than **April 28, 2008**.  Defendant's pending
19 motion to dismiss is **DENIED AS MOOT**.

20
21 　　　**IT IS SO ORDERED**.
22
23 DATED: March 24, 2008
24                                                                              _____
25                                                                              M. James Lorenz
                                                                                  United States District Court Judge
    COPY TO:
26
    HON. LEO S . PAPAS
27 UNITED STATES MAGISTRATE JUDGE
28 ALL PARTIES/COUNSEL