# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JOSE GALLEGO, JR. and ROSA EUGENIA GALLEGO as personal representatives of the ESTATE OF FRANCISCO JOSE GALLEGO GARCIA, SR., <br><br> Plaintiff, <br><br> vs. <br><br> HECTOR MANUEL GALLEGO GARCIA, ROSA MARIA GARCIA VASQUEZ and PROMOTORA INCO, S.A. de C.V., <br><br> Defendants. | CASE NO. 07CV1185-MMA (LSP) <br><br> **ORDER GRANTING MOTION TO DISMISS FOR FORUM NON CONVENIENS** <br><br> [Doc. No. 73] |

On June 29, 2007, Plaintiffs Francisco Jose Gallego, Jr. ("Francisco Jr.") and Rosa Eugenia Gallego ("Rosa Eugenia"), as personal representatives of the Estate of Francisco Jose Gallego Garcia, Sr. ("Estate"), filed the instant action alleging fraud and other state law torts based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2). (Doc. No. 1.) On March 15, 2010, they filed a Second Amended Complaint ("SAC"). (Doc. No. 71.) On April 1, 2010, Defendant Hector Manuel Gallego Garcia ("Hector Manuel") filed a motion to dismiss for *forum non conveniens*. (Doc. No. 73.) On April 23, 2010, Plaintiffs filed their opposition to the motion (Doc. No. 77), and on May 3, 2010, Defendant timely replied (Doc. No. 80). Having considered the briefs submitted by the parties and for the reasons set forth herein, the Court **GRANTS** Defendant's motion to dismiss for *forum non conveniens*.

**BACKGROUND**

This case arises out of transfers of assets once owned by Francisco Jose Gallego Garcia, Sr. ("Francisco Sr." or "Decedent"). Francisco Jr. is the son of the Decedent and Rosa Eugenia is the Decedent's wife. Together, they bring this action on behalf of Francisco, Sr.'s Estate to recover damages for what they assert were invalid transfers of Decedent's interests in various Mexican corporations. On September 3, 1995, Decedent died intestate in San Diego, California at the age of 53. (*SAC* at ¶ 18.) Prior to his death, Decedent held interests in various Mexican corporations. (*Id.* at ¶¶ 12–14.) In early 1995, Decedent was diagnosed with advanced lung and hepatic cancer. (*Id.* at ¶ 15.) Plaintiffs allege that while Decedent's health and mental abilities were compromised due to illness, he transferred his interests in various Mexican corporations to Defendants, and that Defendants engaged in a series of actions that led to the transfers with "the intent of systematically depriving Plaintiffs of their rights as legal heirs in the [D]ecedent's estate and more specifically to the Decedent's ownership rights . . . ." (*Id.* at ¶ 22.)

Plaintiffs' original complaint named Hector Manuel, Decedent's brother, as the lone defendant. On March 24, 2008, the Court issued an order dismissing the complaint for lack of subject matter jurisdiction because Plaintiffs failed to allege facts necessary to establish that the parties were diverse as required by 28 U.S.C. § 1332. (Doc. No. 15.) On April 28, 2008, Plaintiffs filed a First Amended Complaint ("FAC"). (Doc. No. 23.) On May 15, 2008, Defendant again moved to dismiss, contending: (1) no diversity of citizenship existed to support subject matter jurisdiction; (2) insufficient service of process; (3) lack of personal jurisdiction; and (4) improper venue under the doctrine of *forum non conveniens*. (*Id.*) On December 23, 2008, the Court issued an order denying Defendant's motion to dismiss on all grounds. On January 2, 2009, Defendant filed an Answer to the FAC (Doc. No. 43), and the parties proceeded with discovery. On March 15, 2010, Plaintiffs filed a Second Amended Complaint ("SAC"). (Doc. No. 71.) In addition to adding, deleting, and changing various factual allegations, Plaintiffs added the Decedent's mother, Rosa Maria Garcia Vasquez ("Rosa Maria"), and Promotora Inco, S.A. de C.V., a Mexican corporation, as named defendants to this action. On April 1, 2010, Defendant Hector Manuel filed another motion to dismiss, solely on grounds that this Court is the improper venue for this action under the doctrine of *forum non conveniens*. (Doc. No. 73.)

**LEGAL STANDARD**

The doctrine of *forum non conveniens* is a judicial doctrine that permits a federal district court to dismiss an action on the ground that "a court abroad is the more appropriate and convenient forum for adjudicating the controversy." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1188 (2007). It is an exceptional tool to be applied sparingly, and thus requires the moving party to make a "clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." *Ravelo Monegro v. Rose*, 211 F.3d 509, 514 (9th Cir. 2000). Where the action has been filed by a U.S. Citizen, defendant has a very heavy burden to satisfy. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981); *Sinochem*, 127 S. Ct. at 1191. A party moving to dismiss based on *forum non conveniens* bears the burden of showing: (1) there is an adequate alternative forum; and (2) the balance of private and public interest factors favors dismissal. *Sinochem*, 127 S.Ct. at 1190.

**ANALYSIS**

**1.  Adequate Alternative Forum**

The Court's first inquiry is whether there is an alternative forum available for Plaintiffs to assert their claims. In determining whether an alternative forum is available, the Court looks at whether the alternative forum would have jurisdiction to hear the case, and whether the defendant is amenable to service of process there. *See Sinochem*, 127 S.Ct. at 1190; *Piper Aircraft*, 454 U.S. at 254. In Defendant's initial motion to dismiss, the Court denied Defendant's motion to the extent it was based on the *forum non conveniens* doctrine solely because Defendant had failed to address the availability of Mexico as an alternative forum in any detail. (*Order* [Doc. No. 42] at 9:19–20.) In reaching this conclusion, the Court considered the fact that a Mexican court had already declined to exercise jurisdiction over the probate of the Estate. (*Id.* at 9:22-24 (citing (*Pls.' Opp.* [Doc. No. 30] at 14:10–25).)

In his renewed motion, Defendant contends that Mexico is not only an adequate alternative forum for Plaintiffs to assert their claims, it is the better forum. Defendant asserts that the civil courts of Mexico would be able to assert jurisdiction over Plaintiffs' claims were they to file them in Mexico. In support of his position, Defendant provides the sworn declaration of Fernando Salgado Diaz, a

Mexican attorney with more than 30 years of experience in civil litigation matters in Mexico, including in the areas of business, real estate, and probate. (*Diaz Decl.* at ¶ 2.) Mr. Diaz demonstrates to the Court's satisfaction that he has sufficient knowledge and experience to opine on the availability of Mexico as an alternative forum for this litigation. Mr. Diaz states that Mexican courts "regularly hear disputes over ownership of assets within Mexico, including but not limited to real property, business interests and stock ownership." (*Id.* at ¶ 6.) Mr. Diaz states that because Plaintiffs are legal representatives of the Estate, they could initiate a legal action in Mexico asserting claims similar to those asserted here. (*Id.*) Mr. Diaz also states that if Plaintiffs were successful in their claims, a Court could "award damages to the extent they have been deprived of the profits due to them, if any, from the operation of those businesses." Mr. Diaz also offers a brief description of Mexico's legal system, which would provide Plaintiffs a method of appealing any adverse judgment. (*Id.* at ¶ 7.) Defendant also states that he would accept service of process on the matters raised in the SAC in any judicial proceeding that Plaintiffs initiate in Mexico. (*Hector Manuel Decl.* [Doc. No. 80-1] at ¶ 2.)

Rather than addressing the fundamental considerations of an alternative forum, i.e. jurisdiction and acceptance of process, Plaintiffs argue only that Mexico is a less favorable forum for their case. In support of their position, Plaintiffs offer the declaration of Jorge de Hoyos. Defendant objects to Mr. Hoyos's declaration on grounds that it is neither a sworn affidavit nor a declaration under 28 U.S.C. § 1746. The Court agrees that the declaration is of no evidentiary value because it is not accompanied by a statement that Mr. Hoyos made the statement under oath, or that he signed the declaration under penalty of perjury. *See* 28 U.S.C. § 1746. Accordingly, the Court **SUSTAINS** Defendant's objection.[1] The Court notes, however, that even if the Court found Mr. Hoyos's declaration sufficient in this regard, it would have found Mr. Hoyos's opinion to have little value based on the fact that Mr. Hoyos does not state what his area of practice is or how he is otherwise qualified to speak to the claims set forth in Plaintiffs' SAC and whether they could properly be asserted in a Mexican court. The Court notes that Plaintiffs also rely on the Declaration of Mexican

---

[1]The Court notes that Defendant objects to arguments set forth in Plaintiff's opposition brief. Because arguments made in a written brief, such as Plaintiffs' opposition, are not considered "evidence," the Court finds Defendant's objections improper and thus **OVERRULES** them.

1 attorney Virgilio Rincon.[2] Although Mr. Rincon's declaration is not fatal for the same reasons as Mr. Hoyos's declaration, the Court ultimately finds his declaration unpersuasive. Mr. Rincon states that because the Mexican courts declined to exercise jurisdiction over the probate of Decedent's Estate, Plaintiffs will be precluded from bringing the substance of this action there. It does not appear to the Court how the probate of Decedent's estate would have any effect on whether Plaintiffs can assert their claims regarding invalid transfers of assets in Mexico. As Mr. Diaz states, Plaintiffs, who have been appointed legal representatives of the Estate since the initial Mexican decision, would now have standing to assert their claims in Mexico, thus giving the Mexican court jurisdiction to hear the case. Plaintiffs offer no evidence to the contrary. For these reasons, the Court finds no impediment to the Mexican court exercising jurisdiction over Plaintiffs' claims. Finally, the Court has considered Plaintiffs' contentions that they will be deprived of their abilities to assert certain claims in Mexico that they assert in the SAC. Plaintiffs, however, have offered no evidence to show that they will have no remedy or even a diminished remedy against Defendants should they prove their factual allegations in a Mexican court. Accordingly, the Court finds that based on the evidence before it, Mexico is an adequate alternative forum.

**2.    The Balance of Private and Public Interest Factors**

After determining whether an alternative forum has jurisdiction to hear the case, the court then considers private and public interest factors to determine whether dismissal would be appropriate. *See Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991).

*a.    Private interest factors*

Private interest factors include: ease of access to sources of proof, compulsory process to obtain the attendance of hostile witnesses, the cost of transporting friendly witnesses, and other problems that interfere with an expeditious trial. *Lockman Foundation*, *supra*, 930 F.2d at 769.

---

[2]Plaintiffs request that the Court take judicial notice of Rincon's declaration, which was submitted in opposition to Defendant's first motion to dismiss (Doc. No. 30-3). (*See Pls.' Request for Judicial Notice* [Doc. No. 77-1].) Because the Court may take judicial notice of documents filed in the case before it, the Court **GRANTS** the request.

The Court also notes that both parties request judicial notice of other documents filed in this case. (*See Id.; Def.'s Request for Judicial Notice* [Doc. No. 80-2].) For the same reasons, the Court **GRANTS** these requests.

### 1. Ease of access to source of proof

Defendant contends that the sources of proof are easier to access in Mexico because documents and other forms of evidence necessary for the resolution of this case are in Mexico. (*Def.'s Mot. to Dismiss* at 9:11–10:9.) Defendant points out that the documents that tend to either prove or disprove Plaintiffs' claims are "escrituras," which are filed as public documents in Mexico, interpreted under the laws of Mexico, and written in the Spanish language. Plaintiffs attempt to downplay the extent of evidentiary proof in Mexico by asserting that they have "already obtained letters rogatory in order to obtain access to much of the physical evidence in the case and have already had some of the crucial documents translated in to English." (*Pls.' Opp.* at 7:5–8.) While Plaintiffs may ultimately succeed in obtaining said documents and other sources of proof through letters rogatory, such a process is lengthy and burdensome on the parties and this Court. Plaintiffs have made no demonstration that any of the evidence they need to support their claims is in the United States. Defendant also notes that most, if not all, of the witnesses who are expected to testify in this case are located in Mexico. Defendants identify a multitude of witnesses involved with the various transfers of assets who reside in Mexico. (*Stone Decl.* at ¶ 3.) Plaintiffs assert that they believe that the majority of the witnesses are located in San Diego, yet they fail to offer any evidence to support their conclusory statement. (*Pls.' Opp.* at 7:13–14.) Based on the evidence before the Court, this factor weighs in favor of Mexico as the appropriate forum.

### 2. Compulsory process to obtain the attendance of hostile witnesses

As the Court has already noted, many of the witnesses in this case reside in Mexico. While Plaintiffs assert that they believe many of the witnesses are willing to testify, they again offer no evidence to support this conclusory assertion. (*Pls.' Opp.* at 13–14.) The Court does not have the means by which to compel unwilling witnesses residing in Mexico to appear and testify before this Court. Accordingly, this factor weighs in favor of Mexico as the appropriate forum.

### 3. The cost of transporting friendly witnesses

Defendant contends that the majority of witnesses reside in Mexicali, Baja California, Mexico, which is more than 120 miles and a border crossing away from this Court. (*Def.'s Mot. to Dismiss* at 11:8–11.) While Plaintiff asserts that this is a "short drive away" from San Diego, California, the

1  Court cannot ignore that this distance would impose significant costs for time, travel, and
2  accommodations, costs that would not exist if Plaintiffs litigated their case in Mexico. Accordingly,
3  the Court finds that this factor weighs in favor of Mexico as the appropriate forum

### 4. Other problems that interfere with an expeditious trial

In addition to the problems already noted, the Court finds that the significant connection of this case with Mexico has impeded the Court's ability to expeditiously move this case to trial and will continue to do so for the foreseeable future. The Court notes that Plaintiffs have currently filed an ex parte motion to continue several dates in the current scheduling order, including the discovery deadline and trial date by more than a year. Plaintiffs' application is based in large part on time delays they have encountered in obtaining documents located in Mexico and serving Defendant Rosa Maria, a Mexican resident. (*See* Doc. No. 84.) This case is quickly approaching its three year anniversary, and although Plaintiff's request appears to place the finality of this case at approximately four and a half years, it is unclear whether Plaintiffs' request accounts for unforeseen difficulties similar to those the Plaintiffs have already encountered. The Court recognizes that a case of this nature would not in the ordinary circumstances take four and a half years to reach a resolution, yet because of the lengthy delays resulting from the need for substantial sources of proof found only in Mexico, such a result cannot be avoided unless the Court were to dismiss this action under the *forum non conveniens* doctrine.

### b. *Public interest factors*

Public interest factors include: judicial administrative difficulties, the burden of jury duty on the community, the local interest in adjudicating the matter, and avoidance of unnecessary conflict of law problems by having a forum apply law foreign to itself. *Lockman Foundation*, *supra*, 930 F.2d at 771; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947).

### 1. Judicial administrative difficulties

The Court has already noted some of the judicial administrative difficulties anticipated as a result of the significant connection of this case to Mexico. For example, Plaintiffs have already resorted to the use of letters rogatory to obtain documents needed to prove their case, a process which imposes additional burdens on this Court that are not typically incurred in localized litigation. The

1  Court also notes the substantial time and expense that will be incurred for translating most if not all
2  of the documentary proof in this case. Finally, the Court would be remiss if it did not consider its
3  heavy case load in addressing the judicial administrative difficulties factor. It is undisputed that the
4  Southern District of California remains one of the busiest in the United States with an annual civil case
5  load exceeding 3,000 cases.[3] The Court must take care to manage its docket, and it can only do so by
6  dismissing or transferring cases that so clearly should be litigated in other courts. Based on these
7  considerations, the Court finds this factor weighs in favor of dismissal.

8      2.    <u>The burden of jury duty on the community</u>

9  Because jury duty poses a significant burden to members of our community, it is the Court's
10 duty to ensure that the duty is not unnecessarily imposed. In light of the facts of this case and the
11 overwhelming connection to Mexico, the Court is concerned that jurors will have difficulty
12 understanding their purpose in deciding such a case. Moreover, the Court is concerned that there will
13 be a significant amount of testimony that must be translated, which the Court expects would lengthen
14 the amount of time required for trial. Given these concerns, the Court finds that this factor weighs in
15 favor of dismissal.

16     3.    <u>The local interest in adjudicating the matter</u>

17 Plaintiffs contend that San Diego, California has a significant interest in adjudicating the
18 matter. Specifically, Plaintiffs state that the state's interest in the lawsuit is great because "the
19 plaintiffs are a United States citizen and a legal resident who were defrauded in San Diego,
20 California." (*Pls.' Opp.* at 8:3–4.) Defendant points out that Plaintiffs, in their SAC, have removed
21 all allegations that fraudulent conduct occurred within the United States. (*See Def.'s Reply* at
22 4:20–26.) Plaintiffs have not presented a scintilla of evidence that Defendants engaged in any conduct
23 within the United States, nor does their SAC support their conclusory assertion that the conduct
24 complained of occurred in the United States.

25 The only basis for San Diego's interest in this litigation is the fact that the Decedent's Estate

26

27
28     [3]Statistics regarding civil case filings in the Southern District of California were obtained from the Court's 2009 Annual Report, which may be found at http://www.casd.uscourts.gov/uploads/Court%20Info/Annual%20Reports/Annual_Report_2009.pdf.

1  is being probated here as a result of the fact that Decedent died here. It is undisputed, however, that
2  Decedent himself had a significant connection to Mexico, that the Defendants are from Mexico, the
3  assets in dispute are in Mexico, and most if not all of the evidence and witnesses are located in
4  Mexico. While California certainly has an interest in protecting those who are living within its borders
5  from being preyed upon while they are incapacitated, Mexico has an equal interest in protecting its
6  citizens who are accused of engaging in fraudulent conduct. At best, the interests between Mexico and
7  San Diego are equal, if not more favorable to Mexico.

        4.    <u>Application of foreign law</u>

9        Although it is unclear at this stage in the litigation, the parties both seem to imply that Mexican
10 law will govern at least some part of this action. First, Plaintiffs assert that "California law applies to
11 the actions taken in the United States." (*Pls.' Opp.* at 8:4–9.) However, the Court cannot ignore the
12 fact that Plaintiffs have removed all allegations of conduct within the United States from their SAC.
13 Thus, under Plaintiffs' supposition, it is feasible that California law would not govern much, if any,
14 of this litigation. Moreover, as Defendant points out, this case involves various transfers of shares of
15 Mexican corporations, which are governed by Mexican law. (*See Def.'s Mot. to Dismiss* at 13:11–26;
16 *Stone Decl.* at ¶ 5.) Plaintiffs offer no evidence to dispute Defendants' assertion. Thus, it does appear
17 to the Court that it is very likely that Mexican law will govern at least part of this action. Perhaps
18 conceding this point, Plaintiffs argue that "to the extent any law of Mexico might be deemed to apply,
19 defendant has made no showing that such law would be difficult to apply or conflict in any way with
20 United States law." (*Pls.' Opp.* at 8:4–9.). Furthermore, Plaintiffs assert that their "Mexican counsel
21 is well versed in the law of Mexico and can provide any needed clarification of Mexican law issues."
22 (*Id.*) It cannot be disputed that applying Mexican law to any extent would impose a substantial burden
23 on this Court. This Court is not only unfamiliar with Mexican law, the language barrier will be
24 particularly burdensome. While this factor alone cannot lead to dismissal in and of itself, the fact that
25 the Court will be required to apply foreign law certainly weighs in favor of dismissal. *See Piper*
26 *Aircraft Co.*, *supra*, 454 U.S. at 260 n.29 (citing *Calavo Growers of California v. Belgium*, 632 F.2d
27 963, 967 (2d Cir. 1980), cert. denied, 449 U.S. 1084 (1981)). Accordingly, the Court find this factor
28 favors dismissal.

## CONCLUSION

After considering all of the factors discussed above, the Court is persuaded that the interests of justice support dismissing this matter in light of Mexico being the more appropriate forum. While the Court recognizes that Plaintiffs' choice of forum should not be lightly disturbed, Defendant has adequately overcome this presumption by clearly demonstrating that the balance of factors weighs strongly in favor of Mexico as the most appropriate forum for this litigation. Accordingly, the Court **GRANTS** Defendant's motion to dismiss under the doctrine of *forum non conveniens* and **DISMISSES** this action in its entirety. The Clerk of Court shall terminate the case file.

**IT IS SO ORDERED**.

DATED: June 9, 2010

Hon. Michael M. Anello
United States District Judge